UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT PHAM, | No. C-12-6374 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC., *et al.*, | **(Docket Nos. 3, 5, 10)** |
| Defendants. | |

Plaintiff Kurt Pham initiated this lawsuit, in which he seeks to vacate an arbitration award, in state court. After the case was removed, all defendants filed motions to dismiss. Having considered the parties' briefs, as well as the oral argument presented at the hearing on the motions, the Court hereby **GRANTS** the motions.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Previously, Mr. Pham was employed by JPMorgan Chase Bank, N.A., which appears to be an affiliate of Chase Investment Services Corporation ("CISC"). He was terminated in 2010. *See* Docket No. 12, Ex. 4 (decision by California Unemployment Insurance Appeals Board) (discussing termination). Apparently, after the termination, CISC reported certain information on Mr. Pham's Forms U4 and U5, which are forms used by the Financial Industry Regulatory Authority ("FINRA")

///

///

///

1  (formerly known as the National Association of Securities Dealers).[1]  A copy of Mr. Pham's Form

2  U5 can be found at Docket No. 12, Exhibit 4.[2]  The form reflects that Mr. Pham was

> TERMINATED BY AFFILIATE BANK – NON SECURITIES RELATED.  OVERALL JOB PERFORMANCE INCLUDING PROVIDING INACCURATE INFORMATION ON HIS TIMECARD AS WELL AS FAILING TO SECURE CONFIDENTIAL CLIENT INFORMATION.

Docket No. 12, Ex. 4 (Form U5 at 2).  Question 7F on the form asks:

> Did the individual voluntarily resign from your firm, or was the individual discharged or permitted to resign from your firm, after allegations were made that accused the individual of:
>
> . . . .
>
> 2.	fraud or the wrongful taking of property?

Docket No. 12, Ex. 4 (Form U5 at 5).  The response provided on the form was "Yes."  There is a handwritten note that appears to say: "timecard falsification [and] security of confidential information."  Docket No. 12, Ex. 4 (Form U5 at 5).

Subsequently, Mr. Pham filed a claim against CISC (not JPMorgan), asserting slander, libel, and defamation based on the termination and the information reported on the forms.  The claim was adjudicated by a FINRA arbitration panel.  The arbitration panel decided against Mr. Pham on July 20, 2013.  *See* Pl.'s Supp. Br., Ex. 1 (arbitration decision).

Mr. Pham then filed suit in state court.  Mr. Pham used a form pleading to initiate the litigation.  The form pleading used was a petition to vacate an arbitration award.  In the pleading,

---

[1] FINRA is a self-regulatory organization ("SRO") registered with the Securities Exchange Commission ("SEC") as a national securities association.  *See In re Lickiss*, No. C-11-1986 EMC, 2011 U.S. Dist. LEXIS 66437, at *1 (N.D. Cal. June 22, 2011).  "It is 'responsible for regulatory oversight of all securities firms that do business with the public; professional training, testing and licensing of registered persons; [and] arbitration and mediation . . . .'" *Sacks v. SEC*, 635 F.3d 1121, 1122 (9th Cir. 2011).

[2] "The Form U4 (Uniform Application for Securities Industry Registration or Transfer) and the Form U5 (Uniform Termination Notice for Securities Industry Registration) are used by broker-dealers to register, and terminate the registrations of, associated persons with self-regulatory organizations (SROs), and jurisdictions." http://www.finra.org/industry/compliance/registration/crd/filingguidance/p005235 (last visited on February 8, 2013).

[2] Although the Court has before it motions to dismiss, the Court can take judicial notice of the Form U5 given that it is referenced in Mr. Pham's pleading.

Mr. Pham names multiple defendants even though only CISC had been the respondent in the arbitration. The defendants named in the lawsuit are as follows:

(1) the CISC Defendants: namely, CISC, JPMorgan, and attorneys who represented CISC during the FINRA arbitration proceedings (Ulmer & Berne, Richard Davis, Reem Shalodi, and Jerry Dunlap);

(2) the FINRA Defendants: namely, FINRA and the three members of the FINRA arbitration panel (Lester Friedman, Arocles Aguilar, and Mary Ellen Curran); and

(3) the SEC.

In the petition, Mr. Pham asserts that the arbitration award should be vacated because:

    (b) an arbitrator was corrupt.

    (c) the misconduct of a neutral arbitrator substantially prejudiced petitioner's rights.

    (d) the arbitrator exceeded his or her authority, and the award cannot be fairly corrected.

    . . . .

    (g) an arbitrator should have disqualified himself or herself after petitioner made a demand to do so.

Docket No. 1 (Pet. ¶ 10(c)). Mr. Pham also provides factual allegations to support his argument that the award should be vacated. For example, he alleges that the arbitration panel violated FINRA's rules by "allow[ing] disclosures [presumably, on the Forms U4 and U5] without an investigation" and further violated his right to due process by not allowing subpoenas, by not allowing him to question witnesses "properly," and by failing to address the failure of CISC to produce e-mail documents. Docket No. 1 (Pet., attachment). Although not entirely clear, Mr. Pham also seems to criticize the arbitration panel for ignoring a decision by the California Unemployment Insurance

Appeals Board which found that his employer had failed to meet its burden of establishing that he was terminated for misconduct (such that benefits should continue to be paid).

After Mr. Pham served his pleading on Defendants, the FINRA Defendants removed the case to federal court. According to the notice of removal, all defendants have consented to the removal.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

### B. Claims Against the SEC, FINRA, and CISC Attorneys

As a preliminary matter, the Court notes that the pending action is simply one to vacate the arbitration award. That is supported by the form pleading used by Mr. Pham. Also, at the hearing, Mr. Pham confirmed that his pleading was merely a petition to vacate and that the true party from whom he seeks relief is CISC and possibly JPMorgan.

Accordingly, the Court dismisses Mr. Pham's claims against both the SEC and the FINRA Defendants. The fact that the arbitration proceedings were conducted by FINRA – and that the SEC approves FINRA's rules, *see Sacks*, 663 F.3d at 1067 n.1 – does not mean that the SEC or the

FINRA Defendants are proper parties to this lawsuit.[3] *Cf. Corey v. New York Stock Exchange*, 691 F.2d 1205, 1211 (2d Cir. 1982) (in discussing arbitral immunity, noting that "[a]rbitrators have no interest in the outcome of the dispute and should not be compelled to become parties to that dispute"; adding that "[a]n aggrieved party alleging a due process violation in the conduct of the proceedings, fraud, misconduct, a violation of public policy, lack of jurisdiction, etc., by arbitrators should pursue remedies against the 'real' adversary through the appeal process"); *Stasz v. Schwab*, 121 Cal. App. 4th 420, 439-40 (2004) (in addressing arbitral immunity, holding that "bias in the arbitration process should be remedied by challenging the arbitration award, not by seeking to impose liability on the arbitrator or the sponsoring organization"; agreeing with commentators that, "[o]nce the arbitrator renders an award, his role is finished" and "[t]he proper challenge to an award is an action to vacate it brought against the other party, the real adversary, not the arbitrator" because the arbitrator "has no interest in the dispute once the award is rendered" and is thus an "unnecessary party") (internal quotation marks omitted).

      The Court also dismisses the claims against the attorneys who represented CISC in the arbitration. The issue in this case is whether or not the arbitration decision should be permitted to stand, and therefore only the parties who were a part of the arbitration are the real parties in interest. *See* Cal. Code Civ. Proc. § 1285 (providing that "[t]he petition shall name as respondents all parties to the arbitration and may name as respondents any other persons bound by the arbitration award"). The same reasoning supports a dismissal of the claims against JPMorgan. JPMorgan does not appear to have been a party to the arbitration; rather, only CISC was. Therefore, the only true defendant in this case is CISC.

---

[3] And even if Mr. Pham did seek damages against the SEC or the FINRA Defendants, *see* Pl.'s Supp. Br. at 4-5 (claiming that FINRA "[u]nduly enriched [itself]" but then admitting that a financial correction was made), those parties have presented meritorious arguments meriting dismissal. For example, the SEC points out that there are no allegations that it engaged in any wrongdoing itself. Also, the FINRA Defendants would have arbitral immunity. *See Sacks v. Dietrich*, 663 F.3d 1065, 1069 (9th Cir. 2011) (stating that "[t]he doctrine of arbitral immunity provides that 'arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings'").

C.      Timeliness of Petition to Vacate Arbitration Award

As for CISC, it argues for dismissal on the ground that the petition was not timely made under California Code of Civil Procedure § 1288. Section 1288 provides that "[a] petition to vacate an award . . . shall be served and filed not later than *100 days* after the date of the service of a signed copy of the award on the petitioner." Cal. Code Civ. Proc. § 1288 (emphasis added). In his papers, Mr. Pham does not dispute that § 1288 is applicable. His only contentions are that (1) he served and filed his petition within the 100-day limitations period and (2) even if he did not, the Court should equitably toll the statute of limitations. For the reasons discussed below, both arguments are without merit.[4]

First, even if all assumptions are made in Mr. Pham's favor, it is clear that he did not timely serve his petition. For example, the Court makes the following two assumptions in Mr. Pham's favor:

- **The arbitration award was not postmarked until July 23, 2012.** The Court makes this assumption based on Mr. Pham's representation in his opposition, *see* Docket No. 12 (Opp'n at 13) (stating that, "though the filed paperwork [*i.e.*, Mr. Pham's petition] states the date of service as July 23, 2012[,] this is merely the date that was postmarked"), even though, in his petition, he actually made the representation that "a signed copy of the award was *actually served* on . . . July 23, 2012." Docket No. 1 (Pet. ¶ 9(b)) (emphasis added). The Court also notes that there is evidence indicating that the arbitration award was, in fact, mailed to Mr. Pham on July 20, 2012. *See* Shalodi Decl., Ex. B (arbitration decision and cover letter).
- **CISC was actually served with Mr. Pham's petition to vacate on November 7, 2012.** The Court notes that, although it makes this assumption, November 7, 2012, is actually the date that Mr. Pham *mailed* the petition to CISC (as reflected on the summons). Under California Code of Civil Procedure § 415.30, where a summons is served by mail (as here), service is in fact "deemed complete on the date a written acknowledgment of receipt of

---

[4] In reaching this ruling, the Court takes into account that, ordinarily, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

summons is executed, if such acknowledgment thereafter is returned to the sender." Cal. Code Civ. Proc. § 415.30. CISC has submitted a declaration from its attorney in which he states that he "signed and caused to be mailed to Petitioner Kurt Pham Notices And Acknowledgment Of Receipt of the Summons And Petition" on November 27, 2012. Hovis Decl. ¶ 2.

If the Court makes the two assumptions above, then 107 days passed between the day that the arbitration award was mailed to Mr. Pham (July 23) and the day that CISC was served with the petition to vacate (November 7). Even if the arbitration award is essentially deemed to have been served on Mr. Pham on July 28 instead of July 23 (because of the 5-day extension provided for by California Code of Civil Procedure § 1013(a)[5]), that still means that 102 days passed between the day of service on Mr. Pham and the day that CISC was served.[6] Thus, Mr. Pham was still two days late (*i.e.*, past the 100-day limitations period).

Second, although Mr. Pham raises the issue of equitable tolling to seek relief from the time bar, equitable tolling under California law is narrowly circumscribed. "Broadly speaking, the doctrine applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald v. Antelope Valley Comm. College Dist.*, 45 Cal. 4th 88, 100 (2008) (internal quotation marks omitted). In the case at bar, Mr. Pham has not suggested that he did not file his petition to vacate because he was pursuing another available avenue of relief. *Compare Shepherd v. Greene*, 185 Cal. App. 3d 989, 993-94 (1986) (tolling 100-day period provided for by § 1288 because plaintiff filed a superior court complaint 29 days after the mailing of the notice of the

---

[5] *See* Cal. Code Civ. Proc. § 1013(a) (noting that, for service by mail, "[s]ervice is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California").

[6] The Court acknowledges Mr. Pham's claim under Code of Civil Procedure § 1288 that he did not actually receive the arbitration award until some time in mid-August. But the statute of limitations is triggered by the date of *service*, not the date of actual receipt. Moreover, at the hearing, Mr. Pham acknowledged that he did not receive the award until mid-August because it was sent to his post office box and he did not check his post office box until that time. *See also* Shalodi Decl., Ex. B (arbitration award and cover letter). Neither FINRA nor CISC should be blamed for Mr. Pham not checking his post office box.

award).  Rather, he has argued only personal hardship (*i.e.*, sickness).  This is not a cognizable basis for equitable tolling under current California law.

In supplemental briefing, Mr. Pham raised a new equitable tolling argument – *i.e.*, that after the arbitration decision of July 20, 2013, he continued to pursue his administrative remedies with FINRA such that this time should not be counted against him.  *See* Pl.'s Supp. Br. at 6 (arguing that "it was impossible for Mr. Pham to know whether he would be vacating, correcting, or confirming an award until he received the award and FINRA had completed its administrative remedies").  The Court does not find this new argument persuasive.  Equitable tolling applies where a party pursue an *alternative* avenue of relief.  *See McDonald*, 45 Cal. 4th at 101 (noting that "equitable tolling may extend even to the voluntary pursuit of alternate remedies") (emphasis omitted).  Here, Mr. Pham was not pursuing an alternative avenue of relief; rather he was pursuing relief with the same adjudicative body, *i.e.*, FINRA.

Even if the Court were to construe Mr. Pham's argument more broadly – *i.e.*, as a basis to extend the time for Mr. Pham to file a petition to vacate, *cf.* Fed. R. App. P. 4(a)(4) (providing that, if a party timely files, *e.g.*, a Rule 60 motion, then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion") – he would fare no better.  The cover letter attached to the arbitration decision clearly states on its face that "all awards rendered are final and are not subject to review or appeal."  Pl.'s Supp. Br., Ex. 1 (cover letter attached to arbitration decision).  There is nothing to indicate that there is an extension of time for a party to petition to vacate an award simply because a party is permitted, "within 10 days of service of an award," to ask FINRA to address "typographical or computational errors, or mistakes in the description of any person or property referred to in the award."[7]  Pl.'s Supp. Br., Ex. 1 (arbitration decision).  Indeed, the letter clearly refers to a case as still being "closed."[8]  Pl.'s Supp. Br., Ex. 1 (cover letter attached to arbitration decision).  Thus, Mr. Pham's efforts in August 2012 to correct

---

[7] The Court assumes, for purposes of this opinion, that Mr. Pham timely made a request for a correction within 10 days of service of the award.

[8] The Court notes that it is not unreasonable for there to be no extension of time because a mechanical correction that does not alter the operative significance of a decision should not affect a party's interest in taking an "appeal."

8

the amount of fees he actually owed are of no consequence to his broader challenge to the arbitration award asserted herein. As to those grounds, Mr. Pham cannot assert he had an alternative avenue for relief.

As for Mr. Pham's efforts in October 2012, there is clearly no basis to extend the time for which Mr. Pham had to file and serve his petition to vacate. Mr. Pham was simply asking FINRA to provide tapes and addresses for the individual arbitrators; these had no bearing whatsoever on the finality of the arbitration decision.

Accordingly, Mr. Pham's claim against CISC is dismissed based on the statute of limitations.

### III.  CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss. The dismissal is with prejudice because Mr. Pham has failed to show that he could make any amendment to his petition that would cure the statute-of-limitations problem.

The Clerk of the Court is directed to enter judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket Nos. 3, 5, and 10.

IT IS SO ORDERED.

Dated: February 20, 2013

_____
EDWARD M. CHEN
United States District Judge