UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT PHAM, | No. C-12-6374 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** |
| FINANCIAL INDUSTRY REGULATORY AUTHORITY INC., *et al.*, | **(Docket Nos. 32-33)** |
| Defendants. | |
| _____/ | |

On February 7, 2013, the Court held a hearing on Defendants' motion to dismiss Plaintiff's petition to vacate an arbitration award. Subsequently, the Court gave the parties an opportunity to provide supplemental briefing on the issue of equitable tolling. After the Court reviewed the briefing, it issued a ruling in favor of Defendants. *See* Docket No. 30 (order). The Clerk of the Court then entered a final judgment in favor of Defendants, after which Plaintiff filed a motion to reconsider. Because a judgment had already been entered against Plaintiff, the Court stated that it would construe Plaintiff's motion as a motion for relief pursuant to Federal Rule of Civil Procedure 59 or 60. Briefing on the motion as so construed has now been completed.

Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** Plaintiff's motion to reconsider.

///

///

///

## I. DISCUSSION

A. Legal Standard

Rule 59(e) allows a party to move to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e). "Reconsideration under Rule 59(e) is appropriate 'if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010).

Rule 60(b) provides in relevant part that, in certain circumstances, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). For example, relief may be warranted based on "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1); *see also* 12-60 Moore's Fed. Prac. – Civ. § 60.41[4][b][ix] (noting that circuit courts are split on whether legal errors of a court may be a mistake under Rule 60(b)(1); adding that, in the Ninth Circuit, clear legal error may justify relief). Relief may also be warranted where there is "newly discovered evidence that, with reasonable diligence, [that] could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(2).

In the instant case, Plaintiff's argument boils down to a claim that the Court erred with respect to its ruling that equitable tolling was not applicable in the case at bar.

B. All Defendants Other than CISC

As noted above, Plaintiff's motion essentially challenges the Court's prior ruling that equitable tolling is not applicable in the case at bar. That ruling, however, was made with respect to Plaintiff's claims against CISC only. *See* Docket No. 30 (Order at 6). Accordingly, to the extent Plaintiff asks the Court to revisit its ruling dismissing any defendant other than CISC, the motion is denied.

The Court acknowledges that, in his reply brief, Plaintiff raises some arguments as to why, *e.g.*, SEC and FINRA should not have been dismissed from the case. But these arguments -- raised for the first time on reply -- have been waived. Moreover, on the merits, Plaintiff's argument are lacking. For example, nowhere in his petition did Plaintiff make any allegation of wrongdoing by the SEC. Furthermore, at the hearing on Defendants' motions to dismiss, Plaintiff confirmed that his

pleading was simply a petition to vacate and that the true party from whom he sought relief was CISC. *See* Docket No. 30 (Order at 4). Plaintiff cannot try to remedy his prior statements by now arguing for the first time that SEC did engage in wrongdoing. Furthermore, Plaintiff's charges that the SEC engaged in wrongdoing by "fail[ing] to monitor reporting and fraudulence/negligence by FINRA" is largely conclusory and would warrant dismissal in any event. Docket No. 39 (Reply at 2).

C. CISC

As to his claims against CISC, Plaintiff contends that the Court should have applied equitable tolling for various reasons – *e.g.*, because his future employment will be affected if the U5 is not expunged, because he had a medical condition that should have tolled the limitations period, because he did not have knowledge sufficient to trigger the limitations period until after he had time to understand and research the applicable limitations period, and because FINRA delayed in providing him with documents needed for his petition to vacate.

The Court finds its ruling that equitable tolling is inapplicable was not a clear error or mistake and further finds that its this ruling was not manifestly unjust.[1] For example, Plaintiff cites no authority in support of his proposition that equitable tolling should be held inapplicable where it would result in hardship on the plaintiff. Also, the Court has already held that, California law applies, *see* Docket No. 30 (Order at 6), and, under California law (as opposed to federal), personal hardship such as a medical condition is insufficient to give rise to equitable tolling. Plaintiff has failed to cite any authority to the contrary. *See, e.g.*, Mot. at 4 (citing federal cases applying federal law, not California law). As to Plaintiff's claim that he did not have sufficient knowledge sufficient to trigger the limitations period until after he had time to understand and research the applicable

---

[1] In his reply brief, Plaintiff raises for the first time the argument that there is new evidence to support his position. But because this argument was not raised until his reply brief, it is waived. Moreover, under Rule 60(b)(2), only new evidence that could not have been previously discovered with due diligence may be considered. *See Coastal Transfer Co. v. Toyota Motor Sales*, 833 F.2d 208, 212 (9th Cir. 1987) (stating that "[e]vidence is not 'newly discovered' . . . if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence"). Most of the evidence presented by Plaintiff is not new, and, even to the extent some of the documents are, Plaintiff has failed to show that he could not have presented that evidence earlier to the Court even if he had been acting with due diligence.

3

limitations period, again, he has cited no authority under California law (as opposed to federal) to support such. *See* Mot. at 5-6 (citing federal cases applying federal law, not California law). Finally, given the nature of Plaintiff's claims – *e.g.*, that the arbitration panel denied him due process by not allowing subpoenas or by not allowing him to question witnesses properly – he could have filed his petition even without obtaining documents from FINRA such as hearing tapes or addresses for the individual arbitrators.

### III. CONCLUSION

Although the Court understands Plaintiff's concerns, he has not shown that he is entitled to relief under either Rule 59(e) or Rule 60(b). Thus, his motion for relief is denied.

This order disposes of Docket Nos. 32 and 33.

IT IS SO ORDERED.

Dated: April 1, 2013

_____
EDWARD M. CHEN
United States District Judge

4