United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT PHAM,<br><br>           Plaintiff,<br><br>    v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY INC., *et al.*,<br><br>           Defendants.<br>_____/ | No. C-12-6374 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**<br><br>**(Docket No. 41)** |

        Previously, a final judgment was entered against Plaintiff on February 20, 2013. *See* Docket No. 31 (judgment). Thereafter, Plaintiff filed a motion to reconsider which the Court construed as a motion for relief pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). The Court denied that motion on April 1, 2013. *See* Docket No. 40 (order). Plaintiff has now filed in effect another motion to reconsider which he characterizes as a motion for a new trial pursuant to Rule 59(b). The Court hereby **DENIES** that motion.

        First, Plaintiff cannot bring a Rule 59(b) motion because no trial ever took place in this case. Rather, Plaintiff's case was resolved on motions to dismiss. Second, even if the Court were to construe the motion as one to alter or amend the judgment, the Court has already construed Plaintiff's prior motion as a Rule 59(e) motion and denied it on the merits. Plaintiff has failed to show that he is entitled to bring more than one Rule 59(e) motion. Finally, Plaintiff ignores the fact that, whether a motion is brought under Rule 59(b) or 59(e), it must be brought no later than 28 days

after the entry of judgment. *See* Fed. R. Civ. P. 59(b), (e). Here, judgment was entered on February 20, 2013. Thus, Plaintiff's new motion -- filed on April 11, 2013 -- is patently untimely.

Even if the Court were to overlook the above procedural problems, Plaintiff would fare no better. The new arguments that Plaintiff raises are largely lacking in merit. *See, e.g.*, Mot. at 4 (arguing that not only should Plaintiff be entitled to the five-day extension of time for mailing under the California Code of Civil Procedure but also the three-day extension of time for mailing under the Federal Rules of Civil Procedure, for a total extension of eight days). The only argument meriting attention in this order is Plaintiff's contention that the Court erred in computing time because he timely asked FINRA to correct his award, which effectively extended his time to "appeal" under the California Code of Civil Procedure. *See* Mot. at 5; *see also* Cal. Code Civ. Proc. § 1284 (providing that an application for correction based upon certain grounds "shall be made not later than 10 days after service of a signed copy of the award on the applicant"); *id.* § 1288.6 (providing that, "[i]f an application is made to the arbitrators for correction of the award, a petition may not be served and filed under this chapter until the determination of that application"). But there is no indication that FINRA has adopted these California rules. As the Court previously noted, the arbitration award states that a party may make submissions after a case has been closed under limited circumstances, *see* Docket No. 27-1, at 2 (arbitration award), but does not suggest that such a submission extends the time to file a petition to confirm or vacate. *See* Docket No. 30 (Order at 8).

This order disposes of Docket No. 41.

IT IS SO ORDERED.

Dated: April 12, 2013

_____
EDWARD M. CHEN
United States District Judge